UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80241-CIV-HURLEY/JOHNSON

DOLPHIN, LLC, a Florida Limited
Liability Company,

    Plaintiff,

vs.

WCI COMMUNITIES, INC., a Delaware
Corporation,

    Defendant.
_____/

## OMNIBUS REPORT AND RECOMMENDATION

**THIS CAUSE** is before the court on the following motions: (1) Defendant WCI's Motion for Award of Attorneys' Fees (D.E. # 78); and, (2) Plaintiff's Memorandum in Support of Motion for Attorneys' Fees (D.E. #79).  These matters were referred to the undersigned United States Magistrate Judge by the Honorable Daniel T.K. Hurley, United States District Judge for the Southern District of Florida, and are now ripe for determination.  Having reviewed the pleadings filed incident to these matters and after carefully considering the relevant case law, the undersigned respectfully recommends Defendant WCI's Motion for Award of Attorneys' Fees be granted, and Plaintiff's Motion for Attorneys' Fees be denied.

1

**BACKGROUND**

This action was instituted by Dolphin, LLC ("Dolphin") against WCI Communities, Inc. ("WCI") seeking to rescind a contract for the purchase of a condominium unit and for return of security deposit. In September 2004, Dolphin and WCI entered into a Residence Purchase Contract (the "Contract"), whereby Dolphin agreed to purchase a condominium unit from WCI, the closing of which was scheduled for December 1, 2006. In accordance with the Contract, Dolphin provided an escrow agent with a security deposit in the amount of $560,000. The Contract specifically provided that Dolphin's refusal to close on the Condominium Unit would result in the forfeiture of the security deposit. The Contract also contained a prevailing party attorneys' fees provision, which provides as follows:

> Attorneys' Fees and Costs: In connection with any alternative dispute resolution proceedings or litigation, including appellate proceedings, arising out of this Contract, the prevailing party shall be entitled to recover attorneys' fees and costs at trial, bankruptcy court and all appellate levels.

Complaint, p.9.

When the December 1, 2006, scheduled closing date arrived, Dolphin refused to close on the Unit. Thereafter, Dolphin filed this suit against WCI seeking to rescind the Contract and for return of its security deposit. The Complaint sounded in two counts: Count I alleged that WCI failed to comply with the Interstate Land Sale Full Disclosure Act, 15 U.S.C. §1701, *et seq.* ("ILSA"); and Count II alleged that WCI

violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq.*, ("FDUTPA"). Ordinarily in cases such as this, the escrow agent files an interpleader action for the purpose of placing the subject security deposit in the registry of the Court. In this case, however, the parties agreed to allow the escrow agent to hold the security deposit pending the outcome of the instant litigation.

In response to Plaintiff's Complaint, WCI filed a Counterclaim for breach of contract seeking a judgment in its favor for the amount of the security deposit ($560,000), as provided in the Contract, as well as attorneys' fees in accordance with the Contract's attorneys' fees provision.

Thereafter the parties engaged in discovery, after which time WCI filed a Motion for Summary Judgment on all of Dolphin's claims. In response, Dolphin filed a Cross Motion for Partial Summary Judgment as to liability on Dolphin's claims under ILSA and as to Dolphin's Second Affirmative Defense to WCI's Counterclaim which alleged the Contract could be rescinded for violating ILSA. As relief Dolphin sought return of its $560,000 security deposit and attorneys' fees pursuant to the Contract's prevailing party attorneys' fee provision.

Following a February 14, 2008, hearing, the District Court entered an order granting WCI's Motion for Summary Judgment in its entirety and denying Plaintiff's Partial Motion for Summary Judgment. Thereafter, on February 20, 2008, the District Court entered Final Judgment, stating:

3

>**FINAL JUDGMENT** is entered against the Plaintiff Dolphin, L.L.C., who shall take nothing from this action, and in favor of the Defendant WCI Communities, Inc., who shall go forth without day. This Court reserves jurisdiction to award costs and attorneys' fees if appropriate.

## LEGAL ANALYSIS

In <u>Alyeska Pipeline Services Co. v. Wilderness Society</u>, 421 U.S. 240 (1975), the Supreme Court reaffirmed the traditional "American rule" regarding attorney's fees: that a prevailing party may not ordinarily recover attorney's fees in the absence of a statute or enforceable contract providing for a fee award. Both WCI and Dolphin rely on the aforementioned attorneys' fees provision contained in the Contract to support their request for fees. Under Florida law, contractual provisions awarding attorneys' fees to prevailing parties are not only enforceable, but strictly enforced, with the district court denied the discretion to decline to enforce prevailing party attorneys' fee provisions, even in those instances where the challenging party brings a meritorious claim in good faith. <u>Lafhkijani v. Lafhkijani</u>, 911 So.2d 1154, 1160 (Fla. 2005).

The Court begins by discussing entitlement to attorneys' fees as relates to Dolphin. Simply put, Dolphin's attempt to cast itself as the "prevailing party" in this action is the height of absurdity. Dolphin moved for *partial* summary judgment on each of its claims and on an affirmative defense to WCI's Counterclaim. WCI, for its part, moved for summary judgment on all of Plaintiff's claims, but not on its

affirmative Counterclaim. In ruling on these Motions, the District Court stated unequivocally "[Dolphin's] Motion for Summary Judgment is **DENIED**." Summ. Judgmnt. Order, (D.E. #70)(emphasis in original). By this ruling the Court denied all of Dolphins claims in its Complaint and the affirmative defense to WCI's Counterclaim. If this wasn't clear enough, the Court made its ruling even more explicit in its subsequent Final Judgment Order stating that Dolphin "shall take nothing from this action." Final Judgmnt., (D.E. #71). Contrary to Dolphin's contention, at no time did the Court rule in Dolphin's favor on WCI's Counterclaim. Accordingly, the Court recommends that Dolphin's Motion for Attorneys' Fees be denied.

As for WCI, for the following reasons the Court concludes that WCI is the prevailing party in this action and therefore recommends that its Motion for Attorneys' Fees be granted. When determining whether one is a prevailing party for purposes of awarding attorneys' fees "the court should focus on which [party] prevailed on the significant issues involved in the litigation." Sorrentino v. River Run Condo. Assoc., 925 So.2d 1060, 1065 (Fla. 5th DCA 2006)(citing Moritz v. Hoyt Enters, Inc., 604 So.2d 807 (Fla. 1992)). In the case *sub judice*, Dolphin brought two claims seeking to rescind the Contract and obtain return of its security deposit. The Court granted WCI's Motion for Summary Judgment on both claims and entered Final Judgment "against the Plaintiff Dolphin, L.L.C., who shall take nothing from this action, and in favor of the Defendant, WCI Communities, Inc. ..." See Final Judgment (D.E. #71).

5

It is clear from the foregoing that WCI prevailed on the most significant issues in this litigation, entitling it to "prevailing party" status for attorneys' fees purposes.

Despite what appears to be of obvious clarity to the undersigned, Dolphin argues that WCI is not the prevailing party because the District Court "entered a judgment whereby neither party is entitled to condominium deposit monies" and therefore WCI "recovered nothing on its breach of contract claim." See Dolphin's Resp., p.2. This argument falls flat when one considers the prior agreement between the parties that the escrow agent be allowed to retain the security deposit funds pending the outcome of this litigation. It is precisely because of this agreement and because the escrow agent is not a party to this action and not properly before the Court, that the Court's Order is devoid of any mention of the escrow agent-held deposit monies. It does not mean, as Dolphin contends, that Dolphin was victorious on WCI's Counterclaim or that neither party prevailed and the escrow agent is now entitled to keep the deposit monies for itself indefinitely. See Brickell Bay Club Condo. Assoc. v. Forte, 397 So.2d 959, 960 (Fla. 3d DCA 1981)(reversing trial court's order which declined to award attorneys' fees to defendant who successfully defeated plaintiff's attempt to rescind condominium purchase contract).

Plaintiff alternatively argues that WCI is not entitled to attorneys' fees because all it managed to do was defeat Plaintiff's claims under the Interstate Land Sales Full Disclosure Act ("ILSA"), and the Florida Deceptive and Unfair Trade Practices Act

6

("FDUPTA"), which are "independent" of the Contract and therefore do not "arise out of" the Contract as required by the prevailing party attorneys' fee provision. (Dolphin's Resp., p.3). As support, Dolphin cites <u>Lochrane Eng'g, Inc. v. Willingham Realgrowth Inv. Fund Ltd.</u>, 563 So.2d 719 (Fla. 5th DCA 1990), for the proposition that a contractual attorneys' fee provision does not apply to torts which are independent of the contract. To this the Court can only shake its head in "so what" agreement. While <u>Lochraine</u> may stand for the proposition cited, it offers no support in this case where the facts are distinguishable.

In <u>Lochraine</u> the court specifically found that the plaintiff's claims in tort were "independent" of the contract, and thus could have existed without the contract. This case stands on an entirely different footing. Here, Dolphin's claims would not have existed had Dolphin not signed the Contract. This is amply demonstrated by reference to Dolphin's Amended Complaint which refers directly to the Contract as the basis of its claims under both FDUTPA and ILSA. In Count I alleging ILSA violations, Dolphin alleged that WCI violated ILSA in that "[t]he *contract* does not contain provisions setting forth terms consistent [with ILSA]." Dolphin's Am. Compl., ¶¶ 31, 32 (emphasis added). Along the same lines, in Count II alleging FDUTPA violations, Dolphin alleged that "written statements in the *contract* made by WCI" and the alleged failure to disclose information "in the *written contract*" were the basis for its claims under FDUTPA. <u>Id</u>. at ¶¶45, 47 (emphasis added). Accordingly, Dolphin's own pleadings irrefutably demonstrate that Dolphin's claims are "inextricably

7

intertwined" with the Contract for the purchase of the condominium unit, thus entitling WCI to attorneys' fees.

Support for WCI's position is found in Caulfield v. Cantele, 837 So.2d 371, 377 (Fla. 2002). In that case, the plaintiff argued the defendant should not be entitled to attorneys' fees for successfully defeating the plaintiff's fraudulent inducement claim, arguing that such a claim did not "arise out of" the contract. The Florida Supreme Court rejected plaintiff's argument by noting that "had there been no contract" there would have been no misrepresentation. Id at 379. The Court therefore concluded that the plaintiff's fraudulent inducement claims arose out of the contract such that the defendant was entitled to recover its attorneys' fees. Here too it is clear that Dolphin's claims "arose out of" the Contract. Indeed, the goal of Dolphin's Complaint was to recover the security deposit that Dolphin placed with the escrow agent *pursuant to the Contract*. What's more, the remedy sought for both counts of its Two-Count Complaint was recision of the Contract. Had there been no contract, there would have been no security deposit, no contract to rescind and no lawsuit. It is clear from the foregoing that Dolphin's claims "arose out of" the Contract, and as such are covered by the prevailing party attorneys' fees provision.

Dolphin's final argument, that WCI cannot recover attorneys' fees under the statutory attorneys' fees provisions contained in ILSA and FDUPTA, is equally unavailing. As Defendant correctly observes, WCI is not seeking *statutory* attorneys' fees, but attorneys' fees pursuant to the parties' express contract, which provides for

attorneys' fees to the prevailing party of any litigation.  Whether WCI is entitled to statutory attorneys' fees is of no moment; the sole issue in this case is whether WCI is entitled to prevailing party attorneys' fees under the parties' Contract.  The undersigned answers this question in the affirmative.

In accordance with the above and foregoing, it is hereby respectfully **RECOMMENDED** as follows:

(1)  Defendant WCI's Motion for Award of Attorneys' Fees (D.E. # 78) should be **GRANTED**; and,

(2)  Plaintiff Dolphin's Memorandum in Support of Motion for Attorneys' Fees (D.E. #79) should be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Daniel T.K. Hurley, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY SUBMITTED,** this May 29, 2008, in Chambers at West Palm Beach, Florida.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC: Honorable Daniel T.K. Hurley
All Counsel of Record