**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-80241-CIV-HURLEY/JOHNSON**

**DOLPHIN, LLC,**

**Plaintiff,**

**v.**

**WCI COMMUNITIES, INC.,**

**Defendant.**
______________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

**THIS CAUSE** is before the court upon the report and recommendation of the Honorable Linnea R. Johnson, United States Magistrate Judge [DE # 92]. The magistrate judge recommended that the court grant defendant's motion for attorneys' fees [DE # 78] and deny plaintiff's motion for attorneys' fees [DE # 79]. Plaintiff filed objections to the magistrate judge's report and recommendation.

Pursuant to Fed. R. Civ. P. 72(b), "The district judge . . . shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." The rule requires that objections be filed within ten days of service of the report and recommendation, and that the objecting party arrange for transcription of sufficient portions of the record. Fed. R. Civ. P. 72(b). The district judge may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.* Portions of the

report and recommendation that are not specifically objected to are subject to the clear error standard. The identical requirements are set forth in 28 U.S.C. § 636(b)(1).

Plaintiff's objection argues that: (1) defendant is not a prevailing party because no money was awarded to it as part of the final judgment; (2) attorneys' fees are not available for developer-defendants under ILSA; (3) attorneys' fees are not available under FDUTPA until all appeals have been exhausted; and (4) FDUTPA and ILSA claims do not arise out of the contract so as to trigger the contractual fee-award provision.

The magistrate judge's report carefully addressed each of these arguments, and thoughtfully and persuasively disposed of them. First, the court's final judgment order [DE # 71] clearly indicates that defendant is the "prevailing party" for purposes of determining attorneys' fees, notwithstanding that it included no monetary award. No award was made because the parties agreed before the litigation to keep the disputed amount in escrow, and the escrow agent is not a party to the litigation. That agreement can hardly be turned against the defendant to now argue that defendant did not actually prevail in this action. *See* Report & Rec. at 5-6. Defendant's second and third objections are unavailing because the magistrate judge's report dealt with the availability of fees not under either ILSA or FDUTPA, but rather pursuant to the parties' contract. *See* Report & Rec. at 8-9. Finally, the magistrate judge's report correctly explained that, under applicable Florida law, the FDUTPA and ILSA claims do "arise out of" the contract for purposes of determining entitlement to fees because had there been no contract, there could have been no FDUTPA or ILSA violation. *See* Report & Rec. at 6-8; *Caulfield v. Cantele*, 837 So.2d 371, 377 (Fla. 2002).



For updated court information, visit unofficial Web site
at http://us.geocities.com/uscts

Accordingly, upon review of the report of the magistrate judge and plaintiff's objection, it is hereby **ORDERED** and **ADJUDGED**:

1. Plaintiff's objections to the magistrate judge's report and recommendation [DE # 95] are **OVERRULED**.

2. The Report and Recommendation of the United States Magistrate Judge [DE # 92] is **ADOPTED** in its entirety and incorporated herein by reference.

3. Defendant's motion for attorneys' fees [DE # 78] is **GRANTED**.

4. Plaintiff's motion for attorneys' fees [DE # 79] is **DENIED**.

5. Within **THIRTY (30) DAYS** of entry of this order, defendant shall file a motion to determine the amount of fees to be awarded, pursuant to the court's March 17, 2008 order [DE # 77].

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 18th day of June, 2008.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*
Hon. Linnea R. Johnson



For updated court information, visit unofficial Web site
at http://us.geocities.com/uscts